## LUCAS *vs.* THE STATE.

The statute of 1849, repealed so much of the Revised Statutes, (tit. i., ch. 1, § 141,) as authorized a party to any criminal proceeding, to testify regarding the same.

In a criminal prosecution, the wife of the accused is not a competent witness in his behalf.

THIS was an information, brought to the county court, against Charles H. Lucas, for placing obstructions upon the Middletown branch of the Hartford and New Haven railroad, and for taking up and removing certain parts of the superstructure of said road.

The defendant pleaded not guilty; and upon the trial before the jury, the attorney for the state claimed to have proved the guilt of the defendant, by two witnesses.

For the purpose of contradicting said witnesses, and as conducing to prove his innocence, the accused offered the testimony of his wife; to the admission of which, the attorney for the state objected, on the ground that, being the wife of the accused, she could not be admitted to testify. The court sustained the objection, and rejected the evidence.

·. The defendant thereupon filed a bill of exceptions, and, by motion in error, brought his case before the superior court, where the judgment of the county court was affirmed, and thereupon, by motion in error, the cause came to this court.

*T. C. Perkins* and *Robinson,* for the plaintiff in error, contended, 1. That, by the statute of 1848, the wife could testify, in criminal cases, for her husband, and that the act of 1849 did not exclude her from this right.

2. That the statute does not exclude the wife, as a witness, unless she is a "party" to the proceeding, and she is neither a party, in common parlance, or technically. 4 Pick., 411. 4 Verm., 116.   10 Eng. Law & Eq., 455.

3. That the construction of the statute, claimed by the plaintiff, accords best with recent decisions, which incline to

allow objections to go rather to credibility, than competency, of evidence, and also with our legislative enactments. Stat. 1849, p. 86.

4. That the wife is not excluded, as a witness for her husband, on grounds of public policy. 20 Conn. R., 363.

*R. D. Hubbard,* for the state, contended, 1. That the wife is treated, in the text-books on evidence, not as a witness, disqualified by interest, but as a party. 1 Greenl. Ev., 334.

2. That it is a fundamental principle of the common law, that the wife shall be disqualified, wherever the husband is a party, and *vice versa.* 2 Stark. Ev., 550. To such an extent is this principle carried, that it is universally held, that, by common law, a husband cannot be a witness, where the wife's separate estate is concerned. *Davis* v. *Dinwoody,* 4 T. R., 678. Greenl. Ev., 341, 334.

3. Every consideration of public policy, which forbids the husband from testifying for himself, in a criminal cause, would also forbid the wife from testifying *for,* or *against,* him. Such is the case, if the repealing act has respect, 1, to the interests of the accused, or 2, to the interests of public justice.

4. The construction, now contended for, was put on the repealing act, by this court, in *Merriam* v. *H. & N. H. R. R. Co.,* 20 Conn. R., 354.

CHURCH, C. J. The bill of exceptions, in this case, presents the question, whether, in a criminal prosecution, the wife of the accused may be admitted as a witness, to testify in his behalf?

Before the great innovation upon the law of evidence was made, in this state, by the statute of 1848, it is conceded, that, by the common law, and our own practice, the wife could not testify for her husband, either in civil, or criminal cases, where he could not testify for himself. This was but the necessary result of the salutary common law doctrine,

that the husband and wife were but one person, or party; a doctrine, although somewhat obscured in modern times, yet not entirely repudiated, as a legal maxim. The wife was considered as having a legal identity with her husband, in most respects, where such a principle would not lead to practical injustice, as it might affect her person or estate. Chiefly, on the ground of this intimate union, or identity, it was, that the husband and the wife were excluded from testifying, on behalf of each other. 1 Ph. Ev., 77. 1 Greenl. Ev., 384. 1 Sw. Dig., 18.

The 141st section of the revised statute for the regulation of civil actions, passed in 1848, enacted that "no person should be disqualified, as a witness, in any proceeding at law, or equity, by reason of his interest in the event of the same, *as a party, or otherwise*." This was adjudged to extend as well to proceedings in criminal, as in civil cases; and accused parties on trial, as well as their wives, were admitted to testify for each other. This, upon experiment, was found to result rather to the injury of, than to afford a privilege to, persons charged with crime. And, therefore, by the statute of 1849, so much of the foregoing section, as authorized a party to any criminal proceeding to testify regarding the same, was repealed.

We suppose, the effect of this repeal is, to restore the common law, in its operation upon the admissibility of parties, as witnesses, in criminal prosecutions, as it was previous to the statute of 1848, in all respects. And, of course, husbands and wives sustain the same relation to each other, now as before, with the same capacities and incapacities, as interested parties.

We are of opinion, therefore, that there is no error in the judgment of the superior court.

In this opinion the other judges concurred, except STORRS, J., who tried the cause in the court below, and was disqualified.

Judgment affirmed.